UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAUREN OPALINSKY and
ROBERTA OPALINSKY,

        Plaintiffs,

v.                      Case No. 8:14-cv-2280-T-33TGW

DAVID GEE, Hillsborough County
Sheriff, in his official
capacity, KARL SCHOLL, Deputy
Sheriff, Hillsborough County,
in his individual capacity,
and SHAWN NAPOLITANO, Deputy
Sheriff, Hillsborough County,
in his individual capacity,

        Defendants.
_____/

**ORDER**

This cause comes before the Court in consideration of
Defendants Sheriff David Gee and Deputy Karl Scholl's Motion
for an Award of Costs and Attorney's Fees Against Plaintiff,
Lauren Opalinsky (Doc. # 37), filed on January 27, 2016. Also
before the Court is Defendants Sheriff David Gee and Corporal
Shawn Napolitano's Motion for an Award of Costs and Attorney's
Fees Against Plaintiff, Roberta Opalinsky (Doc. # 38), filed
on January 27, 2016. Roberta and Lauren[1] filed a consolidated

---

[1] Because Roberta and Lauren have the same last name, the
Court will refer to them by their respective first names.

response in opposition on February 18, 2016. (Doc. # 41). The Motions are ripe for review and, for the reasons stated herein, the Court grants in part and denies in part said Motions.

**I.   <u>Background</u>**

This action arose from an incident that unfolded on September 26, 2010, at the Raymond James Stadium involving Roberta, Lauren, Napolitano, and Scholl. The events of that day are fully recounted in this Court's prior Order (Doc. # 35 at 2-8), and it is unnecessary to reiterate them here. It suffices to say that, as Lauren was being escorted from the Stadium for trespass, Roberta was arrested. (<u>Id.</u> at 3-4). Lauren was also arrested later in the encounter, and during her arrest a take-down was performed by Scholl. (<u>Id.</u> at 4-6). It was that incident that lead to this lawsuit.

Lauren and Roberta filed their Complaint on September 12, 2014. (Doc. # 1). The Complaint brings four counts: namely, false arrest under 42 U.S.C. § 1983 by Roberta against Napolitano (Count I), false arrest under Florida law by Roberta against Gee (Count II), excessive force under 42 U.S.C. § 1983 by Lauren against Scholl (Count III), and battery under Florida law by Lauren against Gee (Count IV).

2

Thereafter, Napolitano and Gee moved for summary judgment as to Counts I and II, respectively. (Doc. # 26). In addition, Scholl and Gee moved for summary judgment as to Counts III and IV, respectively. (Doc. # 25). Roberta and Lauren filed a consolidated response in opposition. (Doc. # 31). Napolitano and Gee filed a reply (Doc. # 32), as did Scholl and Gee (Doc. # 33).

After reviewing the filings, the Court granted summary judgment in favor of Napolitano as to Count I and Scholl as to Count III on the basis of qualified immunity. (Doc. # 35 at 28). With the federal claims disposed of, the Court exercised its discretion and declined to retain supplemental jurisdiction over Counts II and IV, which were Roberta and Lauren's state-law claims against Gee. (Id.). Napolitano and Gee, as well as Scholl and Gee, now seek an award of costs and attorney's fees. (Doc. ## 37, 38). Roberta and Lauren filed a consolidated response. (Doc. # 41).

## II. __Discussion__

### A.    __Costs under Rules 54 and 68__

"Federal Rule of Civil Procedure 54(d)(1) prescribes an award of costs for a prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise." Tempay Inc. v. Biltres Staffing of

3

Tampa Bay, LLC, No. 8:11-cv-2732-T-27AEP, 2013 WL 6145533, at *2 (M.D. Fla. Nov. 21, 2013); see Durden v. Citicorp Tr. Bank, FSB, No. 3:07-cv-974-J-34JRK, 2010 WL 2105921, at *1 (M.D. Fla. Apr. 26, 2010)(stating that Rule 54 establishes a strong presumption that costs should be awarded unless the district court decides otherwise) (citing Chapman v. Al Transp., 229 F.3d 1012, 1038 (11th Cir. 2000)). However, "the district court's discretion not to award the full amount of costs incurred by the prevailing party is not unfettered;" the district court must articulate a sound reason for not awarding full costs. Chapman, 229 F.3d at 1039 (internal citations omitted).

Specifically, pursuant to 28 U.S.C. § 1920, the following may be taxed as costs:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under [28 U.S.C. § 1923]; [and]
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

4

28 U.S.C. § 1920; see Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 440-41 (1987), superseded on other grounds by 42 U.S.C. § 1988(c) (finding that 28 U.S.C. § 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the discretionary authority granted in Rule 54(d)). The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. Loranger v. Stierheim, 10 F.3d 776, 784 (11th Cir. 1994).

Upon granting Napolitano and Gee's motion for summary judgment as to Count I and Scholl and Gee's motion for summary judgment as to Count III, as well as dismissing Counts II and IV, judgment was entered in favor of Napolitano and Scholl as to Counts I and III, respectively. (Doc. # 144). Thus, Gee, Napolitano, and Scholl are the prevailing parties in this action and are entitled to costs under Rule 54(d). See Powell v. Carey Int'l, Inc., 548 F. Supp. 2d 1351, 1356 (S.D. Fla. 2008) (stating a prevailing party is one who "prevailed on 'any significant issue in the litigation which achieved some of the benefit the parties sought in bringing the suit.'") (citation omitted).

Napolitano and Gee seek to recover $1,473.85 in costs. (Doc. # 38 at 4). Roberta and Lauren do not object to Napolitano and Gee's request of $1,473.85. (Doc. # 41 at 1) (stating, "plaintiffs have no objection to the figure of $1,473.85 regarding the claims of Roberta Opalinsky"). Accordingly, the Court awards Napolitano and Gee $1,473.85 in costs pursuant to Rule 54(d)(1).

Scholl and Gee seek to recover $8,758.02 in costs. (Doc. # 37 at 3). Roberta and Lauren object to Scholl and Gee's request insofar as it seeks to recover costs for independent medical exams conducted by Curtis W. Cassidy, M.D., P.A. and costs for videotaping consultations, because such costs are not enumerated in Section 1920. (Doc. # 41 at 2). In total, these costs amount to $6,866.25. However, Roberta and Lauren do not object to the remaining $1,891.77 in costs. (Id.) (stating, "plaintiffs have no objection to a cost award, relating to Lauren Opalinsky, of $1,891.77").

"[T]he Court may not tax as costs any items not included in 28 U.S.C. § 1920." Kobie v. Fithian, No. 2:12-cv-98-FtM-29DNF, 2014 WL 2215752, at *1 (M.D. Fla. May 28, 2014); see also Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996) (noting that expert witness fees are "clearly nonrecoverable" under Section 1920). Accordingly, the Court

6

awards Scholl and Gee $1,891.77 in costs pursuant to Rule 54(d)(1).

Scholl and Gee assert an alternative basis for recovering costs. Specifically, Scholl and Gee seek to recover costs pursuant to Rule 68, which provides that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68 (emphasis added).

Scholl and Gee each filed a Rule 68 offer of judgment, both of which explicitly state they were made pursuant to Rule 68. (Doc. ## 37-1, 37-2). After reviewing the bill of costs submitted by Scholl and Gee (Doc. # 37-3), there are only two expenses that were incurred after August 12, 2015, and which are not recoverable under Section 1920: namely, a fee for the videotaping of a consultation by Tampa Bay E.N.T. and an independent medical exam on September 17, 2015. (Id. at 1). The videotaping fee invoiced on August 27, 2015, cost $250 and the independent medical exam on September 17, 2015, cost $2,216.25. (Id. at 1, 14, 18).

Accordingly, the Court awards Scholl and Gee $2,466.25 pursuant to Rule 68. In total, therefore, Scholl and Gee are awarded $4,358.02 pursuant to Rules 54 and 68.

7

B.   __Attorney's Fees__

Napolitano and Scholl seek an award of attorney's fees pursuant to Rules 54 and 68, as well as 42 U.S.C. § 1988. Rule 54 states, "[a] claim for attorney's fees and related nontaxable expenses must be made by motion . . . . [T]he motion must . . . specify the judgment and the statute, rule, or other grounds entitling the movant to the award . . . ." Fed. R. Civ. P. 54(d)(2). For its part, Rule 68 states, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

Furthermore, Section 1988 provides that "[i]n any action or proceeding to enforce a provision of section[] . . . 1983 . . ., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b). Section 1988 allows the inclusion of expert fees in an award of attorney's fees only when the underlying action was brought under Section 1981 or 1981a of Title 42. 42 U.S.C. § 1988(c); see also __Ruff v. Cty. of Kings__, 700 F. Supp. 2d 1225, 1243 (E.D. Cal. 2010) (stating, "[t]he Court's research indicates

that cases are uniform that Section 1988(c) does not apply to a Section 1983 action . . .").

"[T]he term 'costs' in Rule 68 includes attorney's fees awardable under 42 U.S.C. § 1988." Marek v. Chesny, 473 U.S. 1, 7, 9 (1985). Attorney's fees are awardable under Section 1988 to a prevailing defendant in a Section 1983 action when a court "finds that the plaintiff's claim was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Vavrus v. Russo, 243 Fed. Appx. 561, 563 (11th Cir. 2007) (quoting Head v. Medford, 62 F.3d 351, 355 (11th Cir. 1995)) (internal quotation marks omitted).

Frivolity determinations are "made on a case-by-case basis, taking into account various factors, including (1) whether the plaintiff established a prima facie case, (2) whether the defendant offered to settle[,] and (3) whether suit was dismissed before trial." Id. at 563. The Eleventh Circuit has also provided a fourth factor: a "claim is not frivolous when it is meritorious enough to receive careful attention and review." Barnes v. Zaccari, 592 Fed. Appx. 859, 872 (11th Cir. 2015) (quoting Cohen v. World Omni Fin. Corp., 457 Fed. Appx. 822, 828 (11th Cir. 2012)) (internal quotation marks omitted). Ultimately, these factors are "general

guidelines only, not hard and fast rules." <u>Id.</u> And, "it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412, 421-22 (1978).

Reviewing the evidence in a light most favorable to Roberta and Lauren (the non-prevailing plaintiffs), <u>Cordoba v. Dillard's Inc.</u>, 419 F.3d 1169, 1179 (11th Cir. 2005), the Court determines that, albeit ultimately unsuccessful at summary judgment, the case was not frivolous for purposes of awarding attorney's fees under § 1988(b). From the outset, summary judgment in favor of a defendant does not automatically entitle that defendant to attorney's fees under § 1988(b). <u>Vavrus</u>, 243 Fed. Appx. at 563. After carefully reviewing the record, the Court cannot reach the conclusion that Roberta and Lauren's allegations were so lacking in foundation as to have been frivolous or unreasonable. Therefore, the Court declines to award attorney's fees.

   C.   **Section 768.79, Florida Statutes**

Gee also seeks an award of attorney's fees pursuant to Section 768.79, Florida Statutes. (Doc. ## 37 at 4 n.3, 38 at

4 n.2). "[F]ederal courts in Florida, when adjudicating Florida law claims, must apply [Section] 768.79, rather than federal law, to determine whether to award attorneys' fees." Kearney v. Auto-Owners Ins. Co., 713 F. Supp. 2d 1369, 1373 (M.D. Fla. 2010).

Section 768.79 has "strict requirements." Id. To be sure, the Supreme Court of Florida has held that "[b]oth Section 768.79 and rule 1.442[, the rule implementing Section 768.79,] are in derogation of the common law rule that each party is responsible for its own attorney's fees which requires that a court strictly construe both the statute *and* the rule." Diamond Aircraft Indus., Inc. v. Horowitch, 107 So. 3d 362, 376 (Fla. 2013) (citation omitted).

Section 768.79 requires the offer "state that it is being made pursuant to [Section 768.79]." Likewise, Rule 1.442, Fla. R. Civ. P., requires that a "proposal . . . shall identify the applicable Florida law . . ." under which the proposal is made. As noted in Campbell v. Goldman, an offer "must state the statute on which it is based." 959 So. 2d 223, 227 (Fla. 2007). Neither of Gee's offers state that they were made pursuant to Section 768.79 or Rule 1.442. (Doc. ## 37-2, 38-2).

Accordingly, Gee's offers do not strictly comply with either Section 768.79 or Rule 1.442. Therefore, Gee is not entitled to costs or attorney's fees under Section 768.79.

Accordingly, it is

**ORDERED**, **ADJUDGED,** and **DECREED**

(1) Defendants Sheriff David Gee and Deputy Karl Scholl's Motion for an Award of Costs and Attorney's Fees Against Plaintiff, Lauren Opalinsky (Doc. # 37), is **GRANTED** to the extent that Defendants Gee and Scholl are entitled to recover $4,358.02. However, the Motion is **DENIED** to the extent it seeks attorney's fees.

(2) Defendants Sheriff David Gee and Corporal Shawn Napolitano's Motion for an Award of Costs and Attorney's Fees Against Plaintiff, Roberta Opalinsky (Doc. # 38), is **GRANTED** to the extent that Defendants Gee and Napolitano are entitled to recover $1,473.85. However, the Motion is **DENIED** to the extent it seeks attorney's fees.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 4th day of March, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

12